**PAUL & PAUL, LLC**
ATTORNEYS AT LAW
382 GREENS FARMS ROAD
WESTPORT, CT 06880

Matthew R. Paul
(203) 241-6099
mpaul@paulctlaw.com

May 6, 2014

<u>VIA SDNY ECF</u>

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
30 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re:   Request for Pre-Motion Conference on Motion to Dismiss
      <u>Pearson v. Walden University</u>, Docket No. 7:13-cv-07840-KMK

Dear Judge Karas:

I write as counsel for Defendant Walden University, LLC ("Walden") to request a pre-motion conference on Walden's anticipated motion to dismiss the Complaint brought by Plaintiff Marcia Pearson ("Plaintiff"). As set forth in further detail below, Plaintiff's Complaint is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff commenced this pro se action against Walden on November 4, 2013. According to the Complaint, Plaintiff was a Walden student from September 6, 2005 to August 25, 2013. Plaintiff alleges that she has "incurred student loans debt of $203,035.54 due to the negligence of faculty and staff as well as a lack of timely response and feedback on my work." In support of this statement, Plaintiff alleges that she "had to rewrite my dissertation proposal, the first 3 chapters, and wrote two unnecessary KAMs, which added an extra 3.5 years of tuition payments." Plaintiff further alleges that: (i) a faculty reviewer once allegedly completed his review of Plaintiff's work three days late; and (ii) two of Plaintiff's faculty mentors would not read her proposal until it was completed, and that when Plaintiff did complete her proposal, her faculty mentor read it and advised that she rewrite it. Based on these cursory allegations, Plaintiff seeks "monetary compensation of $1 million dollars for pain, suffering, and loss of work."

Hon. Kenneth M. Karas
United States District Judge
May 6, 2014
Page 2

In summary, Plaintiff's Complaint asserts that her degree took a longer period of time to complete than she would have preferred because Walden faculty required Plaintiff to rewrite her dissertation proposal and complete other related coursework before Walden would confer her degree.

The Complaint should be dismissed for failure to state a claim.  New York courts routinely dismiss this type of claim by a student against a university because the long-standing policy in New York is to afford considerable deference to educational institutions when making decisions regarding academic performance and academic standards.  As stated by the New York Court of Appeals:

> Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance… [I]nstitutional assessments of a student's academic performance, whether in the form of particular grades received or actions taken because a student has been judged to be scholastically deficient, necessarily involve academic determinations requiring the special expertise of educators.  These determinations play a legitimate and important role in the academic setting since it is by determining that a student's academic performance satisfies the standards set by the institution, and ultimately, by conferring a diploma upon a student who satisfies the institution's course of study, that the institution, in effect, certifies to society that the student possesses the knowledge and skills required by the chosen discipline. Thus, to preserve the integrity of the credentials conferred by educational institutions, the courts have long been reluctant to intervene in controversies involving purely academic determinations.

<u>Susan M. v. New York Law School</u>, 76 N.Y.2d 241, 245-46 (1990) (collecting cases, internal citations omitted).  <u>See</u> <u>also</u> <u>Chira v. Columbia Univ.</u>, 289 F. Supp. 2d 477, 486 (S.D.N.Y. 2003) (plaintiff's claims dismissed for failure to state a claim when they involved "academic decisions within the broad discretion of universities"); <u>Alissa S. v. Manhattanville College</u>, 975 N.Y.S.2d 707 (N.Y. Supreme, Westchester, August 6, 2013) ("New York courts have been consistently reluctant to intervene in controversies involving academic standards").

Plaintiff's Complaint would require the Court to review the prior determinations of Walden faculty members regarding the quality and sufficiency of Plaintiff's academic work product at various times during her tenure as a student.  The Complaint would further require the Court to evaluate Walden's standards and requirements for

Hon. Kenneth M. Karas
United States District Judge
May 6, 2014
Page 3

conferral of a degree.  Such an intervention into Walden's academic determinations and educational standards would be inconsistent with well-established New York public policy.

Accordingly, Walden intends to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Very truly yours,

/s

Matthew R. Paul
of PAUL & PAUL, LLC

cc:     Marcia Pearson, Pro Se Plaintiff (Attached Certificate of Service)